## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

THOMAS E. CLARDY,          )
                             )
     Petitioner,          )
                             )
v.                        )     **No. 3:19-cv-01098**
                             )     **Judge Aleta A. Trauger**
ZAC POUNDS, Warden,      )
                             )
     Respondent.        )

## MEMORANDUM

On June 30, 2023, the court conditionally granted petitioner Thomas Clardy's Petition for the Writ of Habeas Corpus, based on the court's finding that he had received ineffective assistance of trial counsel and that the state court's decision to the contrary was an unreasonable application of clearly established Supreme Court precedent. *See Clardy v. Pounds*, No. 3:19-cv-01098, 2023 WL 4306690 (M.D. Tenn. June 30, 2023). The court directed the respondent to "release the petitioner from custody UNLESS, within 180 days of the date of this Order, the State of Tennessee affords the petitioner a new trial." (Doc. No. 35.)

The respondent thereafter filed a timely Notice of Appeal and then moved in this court to stay the judgment pending appeal. (Doc. Nos. 37, 39.) The court, without affording the petitioner an opportunity to respond, granted the Motion for Stay of Judgment. (Doc. No. 40.) The same day, the petitioner filed his Motion for Release Pending Appeal and supporting Memorandum. (Doc. Nos. 41, 42.) He then filed a Motion for Reconsideration of the Order granting the respondent's Motion for Stay, also accompanied by a Memorandum of Law. (Doc. Nos. 43, 44.) The government has now responded to both motions (Doc. Nos. 46, 47), and the petitioner filed a Reply in further support of his Motion for Release Pending Appeal (Doc. No. 48).

## I.     MOTION FOR RELEASE PENDING APPEAL

### A.     Legal Standard

Federal Rule of Appellate Procedure 23 governs the petitioner's motion. This rule provides in relevant part that, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge ordering the decision . . . orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). Rule 23 "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). This presumption, however, "may be overcome" upon a sufficient showing by the respondent. *Id.*

In making a custody determination under Rule 23(c), a court should "be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id.* at 776. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured . . . ; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* In addition to these factors, the court may consider factors more directly germane to release, including the possibility of flight, possible danger to the public, and the state's interest in continuing custody and rehabilitation pending the case's final determination. *Id.* at 777; *see also Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992).

The Supreme Court provided this additional guidance in *Hilton*:

> The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the [traditional stay] factors . . . are weakest. The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

*Hilton*, 481 U.S. at 777–78 (internal citations omitted). In other words, even when the government shows a "strong likelihood of success on appeal," release pending appeal is still generally appropriate unless the government shows that at least some of the other relevant factors "tip the balance" against release. *Id.* at 778.

**B.     Discussion**

*1.     The Respondent's Likelihood of Success on the Merits*

In granting habeas relief, the court concluded—applying *de novo* review, because the state courts did not consider the issue—that Clardy's counsel was "objectively unreasonable in not pursuing an expert and funding for such an expert, where 'the only reasonable and available defense strategy require[d] . . . introduction of [such] expert evidence.'" *Clardy*, 2023 WL 4306690, at *6 (quoting *Harrington v. Richter*, 562 U.S. 86, 106, (2011)). The court also found that the state appellate court's conclusion that Clardy was not prejudiced by his trial counsel's failure to obtain expert testimony was "contrary to, and involved an unreasonable application of," *Strickland v. Washington*, 466 U.S. 668 (1984). *Clardy*, 2023 WL 4306690, at *8.

The first *Hilton* factor—the respondent's likelihood of success—is the most important. *Id.* at 777. The petitioner argues that the respondent cannot show a strong likelihood of success, based largely on this court's and the Magistrate Judge's independent conclusions that the underlying state court conviction was obtained in violation of Clardy's constitutional right to the effective assistance of counsel, even under the deferential standard of review required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that there is no reason to expect a different result in the Sixth Circuit. (Doc. No. 42, at 9.) The government argues that it has a substantial likelihood of success, largely reprising the same arguments it raised in opposition to the habeas petition.

To establish a likelihood of success on the appeal, the government must demonstrate more than a "negligible" possibility of success on appeal, but it need not establish "that success is 'more likely than not.'" *Smith v. Brookhart*, No. 15-cv-00271, 2020 WL 8675994, at *1 (N.D. Ill. July 6, 2020) (quoting *United States ex rel. Newman v. Rednour*, 917 F. Supp. 2d 765, 788 (N.D. Ill. 2012)). Courts construe this factor as requiring, at a minimum, that the government demonstrate "a substantial case on the merits," meaning that "serious legal questions are raised." *Bailey v. Lafler*, No. 1:09-cv-460, 2016 WL 9343177, at *2 (W.D. Mich. Nov. 22, 2016) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011)).

As other district courts have acknowledged, this inquiry effectively requires the court to "predict the likelihood of reversal of its own decision," thus putting it "in the awkward position of second-guessing its own work." *Rednour*, 917 F. Supp. 2d at 791. Of course, this court would not have issued its decision unless it "firmly believe[d] it to be correct and consistent with all applicable law and precedent." *Smith*, 2020 WL 8675994, at *1 (quoting *Dassey v. Dittmann*, No. 14-CV-1310, 2016 WL 6684214, at *2 (E.D. Wis. Nov. 14, 2016)). However, no judgment is exempt from the possibility of reversal, and that possibility is "particularly acute in the habeas context, given the exacting standard prescribed by [AEDPA] and the 'relative infrequency with which habeas relief is granted.'" *Id.* (quoting *Newman*, 917 F. Supp. 2d at 788).

In light of the nearly insurmountable barrier to relief posed by AEDPA and the decisions interpreting it, the court acknowledges that the Sixth Circuit may disagree with this court's analysis of Clardy's ineffective assistance claim. At a minimum, the government has a colorable claim on appeal that Clardy's counsel's performance was not constitutionally deficient. This is not a case where the state's "likelihood of success is *de minimis*." *Beverly v. Trierweiler*, No. 2:18-CV-13837, 2020 WL 3402006, at *1 (E.D. Mich. June 19, 2020). Thus, the respondent has

demonstrated that it has a substantial case on the merits. This factor, therefore, weighs against release pending appeal.

### 2. *Irreparable Injury to the State and the Public Interest*

The second and fourth Hilton factors are whether the respondent (and, by extension, the State of Tennessee) will be irreparably injured, absent the continued detention of the petitioner, and whether the public interest is furthered by continued detention. *See Hilton*, 481 U.S. at 776. These factors encompass "a consideration of the State's interest in rehabilitating the petitioner, the risk of flight, and the risk that the petitioner may pose a danger to the public if released." *Dovala v. Baldauf*, No. 1:16CV2511, 2021 WL 1699917, at *5 (N.D. Ohio Apr. 29, 2021).

While recognizing that the "State always has 'a strong interest in enforcing its criminal judgments and in defending the integrity of its judicial system,'" the petitioner argues that the government's general interest in the finality of state court judgments is entitled to little weight here, because "the State lacks a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of [his] constitutional right." (Doc. No. 42, at 8 (quoting *White v. Steele*, No. 3:06-0428, 2008 WL 11429794, at *3 (M.D. Tenn. Jul. 16, 2008)).) Further, Clardy contends that any putative injury the state might suffer is not *irreparable*, because the state retains the ability to retry him. *See Hill v. State of Tex.*, 316 U.S. 400, 406 (1942) ("A prisoner whose conviction is reversed by this Court need not go free if he is in fact guilty, for [the state] may indict and try him again by the procedure which conforms to constitutional requirements.").

The government claims that the State of Tennessee risks irreparable harm if Clardy is released. It points to the length of Clardy's sentence—life imprisonment for first-degree murder—and *Hilton*'s recognition that the government's "interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered" and that this

factor will weigh most heavily in favor of the government "where the remaining portion of the sentence to be served is long." *Hilton*, 481 U.S. at 777. The government also claims that the State of Tennessee has a "compelling interest in the finality of its criminal judgments," which may be undermined if the petitioner is released pending appeal. (Doc. No. 46, at 8–9.) It contends that, because the period of 180 days for retrying the petitioner, provided in the original Order granting habeas relief, has not expired, the Rule 23 motion is premature. Finally, the government argues in a wholly conclusory fashion that Clardy poses a risk of danger to the community and a flight risk, given the violent nature of the crimes for which he was convicted and the fact that he would still face a life sentence upon retrial.

The court notes, first, that the Rule 23 motion is not premature, particularly in light of the court's having already issued an Order staying the judgment in this case and, accordingly, postponing at least for the duration of the appeal process the date by which the state must retry to the petitioner.

Second, while the State of Tennessee undoubtedly has a strong interest in the finality of its judgments, it "does not have a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional right to effective counsel." *Poindexter v. Booker*, No. 05-CV-71607, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20, 2007). Moreover, the government points to nothing other than this general interest in the finality of judgments in support of its argument that it will suffer irreparable harm if Clardy is released pending appeal. Given that the government has only established a colorable likelihood of success on appeal and that it retains the ability to retry the petitioner if this court's judgment is affirmed, the court cannot find that the risk of irreparable harm "militate[s] against" granting release. *Hilton*, 481 U.S. at 778.

Regarding the risk of danger to the community and possibility of flight, Clardy has already served more than seventeen years of a sentence for a conviction obtained in violation of his constitutional right to the effective assistance of counsel. In light of the paltry evidence of guilt adduced at trial, the likelihood that the State of Tennessee will obtain a conviction upon a retrial (or that it will even choose to retry) is slight. In addition, prior to the conviction at issue here, Clardy had no other convictions involving violence or possession of a weapon, and the government has not pointed to any evidence that Clardy has had any serious disciplinary infractions—violent or otherwise—during his already lengthy incarceration. Further, Clardy is a lifelong resident of Nashville. He has a son who expects to graduate from high school here next year, and he has introduced the Affidavit of his uncle, Michael Clardy, attesting to the family support Clardy enjoys and stating that the petitioner, if released, may stay indefinitely at his home, rent free. (Doc. No. 41-1.) Having spent the last seventeen years in prison, Clardy is unlikely to have significant financial resources, a valid passport, or any other means to facilitate flight. Finally, any potential risk of danger to the community or of flight could be mitigated by appropriate conditions of release.

The court finds that these factors do not weigh in favor of denying the petitioner's Rule 23 motion.

### 3. *Irreparable Injury to Clardy*

The Supreme Court has emphasized that a successful habeas petitioner's interest in release is "always substantial." *Hilton*, 481 U.S. at 77. As stated above, Clardy has already spent more than seventeen years in custody based on a conviction that this court has held to be unconstitutional. Spending several more months in prison while the respondent pursues an appeal will exacerbate his constitutional injury. *Accord, e.g.*, *Newman v. Metrish*, 300 F. App'x 342, 344 (6th Cir. 2008) (recognizing that a successful habeas petitioner "suffered a continuing injury" from incarceration during the state's appeal).

### 4. Weighing of Factors

While the first *Hilton* factor undoubtedly weighs against release, the other factors do not. The government, in short, has not shown that the "traditional stay factors tip the balance against" the Rule 23 "presumption in favor of [release] of the petitioner," as required to overcome that presumption. *Hilton*, 481 U.S. at 777. The court therefore finds that the petitioner's Motion for Release should be granted, conditioned upon the setting of appropriate conditions of release to be determined at a hearing set for that purpose.

## II. MOTION FOR RECONSIDERATION

In support of its Motion for Stay of Judgment Pending Appeal, the government argued in particular that, if the judgment were not stayed,

> the State would be in the untenable position of choosing between its appeal as of right or retrying Petitioner before completion of the appeal to avoid operation of the writ of habeas corpus, thus effectively defeating the State's ability to appeal the judgment. Additionally, if the Sixth Circuit reverses this Court's ruling, "any resentencing and retrial of the petitioner that has already occurred would be nullified, and judicial and prosecutorial resources . . . would have been wasted."

(Doc. No. 39-1, at 7 (quoting *Sumpter v. Kansas*, No. 19-3267, 2020 WL 7265185, at *1 (D. Kan. Oct. 21, 2020)).) The court's decision to grant the stay was premised primarily upon this consideration. The court remains convinced that this factor militates against lifting the stay of the requirement that the State of Tennessee retry the petitioner within 180 days, and the petitioner himself does not object to this portion of the Order granting the government's Motion for Stay, assuming that he is released in the meantime. (*See* Doc. No. 44, at 6 ("To be clear, however, if the Court intends to grant Mr. Clardy's motion for release, he has no objection to the Court keeping the stay in place.").) The court finds no reason to reconsider the Order granting the Motion for Stay.

III.     **CONCLUSION**

For the reasons set forth herein, the court will grant Clardy's Motion for Release Pending

Appeal, upon the establishment of appropriate conditions of release, and deny the petitioner's

Motion for Reconsideration.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge