# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. CLARDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:19-cv-01098 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| ZAC POUNDS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVOKE ORDER RELEASING PETITIONER PENDING APPEAL

### INTRODUCTION

Respondent respectfully moves this Court to revoke Petitioner's release on appeal. Since this Court granted Petitioner's motion for release, the position of the parties has greatly changed. A unanimous panel of the United States Court of Appeals for the Sixth Circuit reversed the grant of the conditional writ of habeas corpus. The factors that this Court found to weigh in favor of release pending appeal now support the revocation of Petitioner's release.

### PROCEDURAL HISTORY

On June 30, 2023, the Court entered an order granting a conditional writ of habeas corpus to Petitioner after finding that trial counsel was ineffective by failing to present expert testimony on eyewitness identification. (ECF No. 34, Page ID# 3067-82.) The Court ordered Respondent to release Petitioner within 180 days of the date of entry of the order unless the State gave Petitioner a new trial. (ECF No. 35, Page ID# 3083.) Respondent timely filed a notice of appeal to the Sixth Circuit Court of Appeals and then filed a motion for this Court to stay its judgment pending appeal. (ECF Nos. 38, 39.)

1

This Court granted Respondent's motion for a stay, and Petitioner filed a motion for release pending appeal and a motion to reconsider the stay. (ECF Nos. 40, 41, 42, 43, 44.) In his motion to reconsider the stay, Petitioner acknowledged that he had no objection to the stay remaining in place if he was released pending appeal. (ECF No. 44, Page ID# 3136.) Respondent responded in opposition to both motions. (ECF Nos. 46, 47.)

This Court declined to lift the stay and granted Petitioner's motion for release on appeal. (ECF Nos. 49, 50, 57.) In analyzing Petitioner's request, the Court applied the factors enumerated in *Hilton v. Braunskill*, 481 U.S. 770, 776-78 (1987). (ECF No. 49, Page ID# 3188-94.) The Court found that while the first *Hilton* factor, Respondent's likelihood of success on the merits, "undoubtedly weigh[ed] against release" pending appeal, the Court found that the remaining factors did not weigh in favor of denying release. (ECF No. 49, Page ID# 3189-94.) The Court thus granted Petitioner's motion for release on appeal subject to certain monitoring conditions. (ECF No. 57, Page ID# 3213-14.)

On January 27, 2025, the Sixth Circuit released its opinion holding that counsel did not perform deficiently by failing to file a motion for funding for an expert on eyewitness identification and reversing the grant of the conditional writ of habeas corpus. *Clardy v. Pounds*, ---F.4th---, 2025 WL 304294, at *1 (6th Cir. Jan. 27, 2025). (Attachment 1.) Based on this opinion, Respondent now moves this Court to revoke Petitioner's release on appeal.

## ARGUMENT

Federal Rule of Appellate Procedure 23(c) provides this Court jurisdiction to revoke Petitioner's release on appeal. Based on the Sixth Circuit's opinion reversing the grant of the conditional writ and on a present weighing of the factors in *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987), the Court should revoke Petitioner's release on appeal.

**I.      This Court Has Jurisdiction to Revoke Petitioner's Release on Appeal.**

Federal Rule of Appellate Procedure 23(c) provides that, in a habeas case, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c).  While Rule 23(c) creates a presumption of release from custody in these cases, "that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Hilton*, 481 U.S. at 774.

When considering whether to release a habeas petitioner pending appeal, this Court follows "the general standards for staying a civil judgment." *Id.* at 775, 777.  This Court considers the following factors in determining whether to stay a judgment pending appeal: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the absence of a stay will irreparably injure the applicant; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 776.  In considering whether to grant release under Rule 23(c), this Court also may consider if there is a risk that a petitioner "will pose a danger to the public if released" and the possibility of flight. *Id.* at 777.  Additionally, this Court may consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* This factor "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remained to be served." *Id.*

Although the Sixth Circuit issued its opinion in this matter, the mandate has not yet issued. A judgment does not become final until the mandate is issued. *See Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013) (citing Fed. R. App. P. 41(c)).  And a district court maintains the authority

3

"to enter a custody order after an appeal has been noted." *Jago v. United States Dist. Ct., N. Dist. of Ohio*, 570 F.2d 618, 625-26 (6th Cir. 1978). This Court thus has the authority to revoke Petitioner's release under a weighing of the above-listed factors.

### A. Respondent's Success On Appeal Weighs In Favor of Revoking Petitioner's Release on Appeal.

This Court observed that Respondent's likelihood of success on the merits was "the most important" of the *Hilton* factors, and the Court found that this factor "undoubtedly weigh[ed] against release" because Respondent had "demonstrated that it has a substantial case on the merits." (ECF No. 49, Page ID# 3189-91, 3194.) In a unanimous panel decision recommended for publication, the Sixth Circuit held that counsel was not deficient in failing to seek funds for an expert in eyewitness identification. *Clardy*, 2025 WL 304294, at *1, 5-8. This opinion demonstrates that Respondent has succeeded on the merits of the claim. Since Respondent's likelihood of success on the merits weighed against release before the Sixth Circuit released its opinion, this Court should afford the factor even greater weight against release on appeal. This is bolstered by the low likelihood of success that Petitioner will have upon further review on panel rehearing, on en banc rehearing, or by writ of certiorari in the Supreme Court, should he choose to avail himself of those processes.

"A petition for a panel rehearing must: . . . state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended; and . . . argue in support of the petition." Fed. R. App. P. 40(b)(1)(A)-(B). None of these narrow factors for panel rehearing are present here. The Sixth Circuit's opinion did not misapprehend nor overlook any points of law or fact. The court provided an accurate recitation of the facts underlying Petitioner's convictions, and the court correctly identified and applied the law to Petitioner's claims. *Clardy*, 2025 WL 304294, at *1-8. Petitioner thus is not likely to succeed in any request for panel rehearing.

Petitioner is even less likely to succeed on en banc rehearing. "Panel rehearing is the ordinary means of reconsidering a panel decision; rehearing en banc is not favored." Fed. R. App. P. 40(a). And Petitioner cannot satisfy any of the narrow criteria for rehearing en banc. The Sixth Circuit's opinion in *Clardy* does not conflict with another decision of the Sixth Circuit Court of Appeals, and rehearing is not "necessary to secure or maintain uniformity of the court's decision." Fed. R. App. P. 40(b)(2)(A). The opinion also does not conflict with a decision of the Supreme Court or another Court of Appeals. Fed. R. App. P. 40(b)(2)(B)-(C). And Petitioner cannot show that "the proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 40(b)(2)(D). The panel addressed a claim of ineffective assistance of counsel under the record presented and determined on de novo review that Petitioner failed to prove deficient performance. No basis for en banc rehearing is readily apparent here.

Finally, Petitioner cannot show a likelihood of success on the merits of a petition for writ of certiorari. A likelihood of success on the merits in this context "means that it is reasonably likely that four Justices of" the Supreme Court "will vote to grant the petition for writ of certiorari, and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009).

"A petition for writ of certiorari will be granted only for compelling reasons." Sup. Ct. R. 10. Petitioner cannot demonstrate that the panel's opinion conflicts "with the decision of another United States court of appeals on the same important matter;" that the opinion "has decided an important federal question in a way that conflicts with a decision of a state court of last resort;" or that it "has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of" the Supreme Court's "supervisory power." Sup. Ct. R. 10(a). Nor can he establish that the Sixth Circuit's opinion

5

"decided an important question of federal law that has not been, but should be, settled by" the Supreme Court "or has decided an important federal question in a way that conflicts with relevant decisions of" the Supreme Court. Sup. Ct. R. 10(c).

Respondent has prevailed on the merits, and Petitioner cannot show a likelihood of success in seeking further review. The first *Hilton* factor thus weighs heavily against Petitioner's continued release, and this Court should revoke Petitioner's release and order his return to custody.

> **B. Petitioner's continued release will cause Respondent irreparable harm, and the public interest favors revoking release.**

In *Hilton*, the Supreme Court recognized that the government's interest in continuing custody pending a final determination of the case on appeal is a factor that may be considered, and this factor is strongest where "the remaining portion of the sentence to be served is long." *Hilton*, 481 U.S. at 777. The factor is particularly strong here, where Petitioner is serving a sentence of life imprisonment for first-degree murder. *See Woodfox v. Cain*, 305 F. App'x 179, 182 (5th Cir. 2008) (stating that *Hilton* recognized "that the State has a strong interest in continuing custody where there is a long period left on the prisoner's sentence" and that "the State's interest in continuing custody should be given substantial weight" when the petitioner was serving a life sentence); *Beverly v. Macauley*, No. 2:18-cv-13837, 2021 WL 915511, at *2 (E.D. Mich. Mar. 10, 2021) (finding that the length of the petitioner's sentence weighed against release on bond pending appeal when the petitioner was serving a 30-to-60-year sentence). Moreover, "the State has a compelling interest in the finality of its criminal judgments." *Williams v. Cook*, No. 3:15-cv-00415, at *4 (E.D. Tenn. Oct. 31, 2018) (order); *Owens v. Steward*, No. 4:14-cv-00018, at *4 (E.D. Tenn. May 2, 2017) (order); *see also Calderon v. Thompson*, 523 U.S. 538, 556 (1998).

Regarding the irreparable injury to Respondent if Petitioner were released on appeal, this Court has previously acknowledged Respondent's interest in the finality of its judgments. In the

Court's view, Respondent does "'not have a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional right to effective counsel.'" (ECF No. 49, Page ID# 3192 (quoting *Poindexter v. Booker*, No. 05-CV-71607, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20, 2007).). But the Sixth Circuit's opinion illustrates that Petitioner received the effective assistance of counsel. *Clardy*, 2025 WL 2025 WL 304294, at *5-8. Because Petitioner was not convicted in violation of his constitutional rights, Respondent's strong interest in the finality of its judgments is even greater than it was when this Court granted Petitioner's release on appeal.

The length of Petitioner's sentence further demonstrates the irreparable harm that Respondent will experience if Petitioner is not returned to custody. Petitioner received an effective sentence of life imprisonment. (ECF No. 10-1, Page ID# 988-93.) In Tennessee, a sentence of life imprisonment is a term sentence of 60 years, with a minimum service of 51 years' imprisonment. *See Brown v. Jordan*, 563 S.W.3d 196, 202 (Tenn. 2018); Tenn. Code Ann. § 40-35-501(h)(2)(A). At the time of his release, Petitioner still had a minimum of over 30 years of his sentence to serve before being eligible for release.[1] (ECF No. 10-1, Page ID# 988-93.) Permitting Petitioner's continued release despite the reversal of the grant of the conditional writ of habeas corpus would prevent the execution of the judgment and permit Petitioner to avoid the service of his lengthy sentence.

The interest of the public also weighs against Petitioner's continued release. "[A] habeas respondent's ability to take an effective appeal from a grant of relief is 'a mainstay of [the judicial system]' in which the public has an interest." *Pouncy v. Macauley*, No. 13-cv-14695, 2022 WL

---

[1] The trial court entered Petitioner's judgments on September 12, 2007, and the judgments reflect that Petitioner received pretrial jail credit from January 15, 2006, to September 12, 2007. (ECF No. 10-1, Page ID# 988-93.)

480671, at *5 (E.D. Mich. Feb. 16, 2022) (quoting *Wolfe v. Clarke*, 819 F.Supp.2d 574, 584 (E.D. Va. 2011)); *see also Wolfe v. Clarke*, 819 F.Supp.2d 574, 585 (E.D. Va. 2011) ("The Court finds that, while the public has an interest in maintaining the integrity of its judicial system, the Director [of the Virginia Department of Corrections's] right to appeal the judgment of this Court is also a mainstay of that system."). Respondent has appealed the grant of the conditional writ of habeas corpus and prevailed on the merits. The interest of the public thus weighs in favor of Petitioner's return to custody to continue serving his lawfully imposed sentence.

Additionally, Petitioner's risk of danger to the community and risk of flight weigh against his continued release. In finding that this factor weighed in favor of Petitioner's release, this Court observed that "the likelihood that the State of Tennessee will obtain a conviction upon a retrial (or that it will even choose to retry) is slight." (ECF No. 49, Page ID# 3193.) But Petitioner is no longer in the same position of facing a potential retrial, in view of the panel's decision and the low likelihood that further review will change that outcome. Instead, his convictions remain intact, and the nature of Petitioner's convictions, along with the lengthy portion of his sentence still left to serve, suggests that he poses a danger to the community and a risk of fleeing if not returned to custody.

Petitioner was convicted of several violent offenses based on the shooting of three victims—one of whom died. The violence of the offenses, and the use of firearms in the crimes, supports an inference that Petitioner will pose a danger to the community if he remains out of custody. *See Upshaw v. Stephenson*, No. 20-cv-12560, 2023 WL 2646202, at *1 (E.D. Mich. Mar. 27, 2023) (indicating that the petitioner faced retrial for armed robbery and a firearms offense for a robbery involving the firing of six shots led to an inference of dangerousness that weighed against granting bond on appeal of the grant of a conditional writ of habeas corpus). And now that the

8

Sixth Circuit has reversed the grant of the conditional writ of habeas corpus, Petitioner faces a lengthy remaining portion of his sentence to serve, which creates a risk that he could flee to avoid serving his sentence. *See Elvik v. Bunce*, No. 3:04-cv-00471, 2014 WL 2803447, at *4 (D. Nev. June 19, 2014) (finding that the petitioner's risk of flight weighed against release on bond pending appeal when the petitioner was serving consecutive life sentences because the length of the sentences supported "a finding that petitioner poses a flight risk, even assuming he has family support").

In sum, all the *Hilton* factors weigh against Petitioner's continued release. Because Respondent prevailed on the merits on appeal in the Sixth Circuit panel decision, the first *Hilton* factor particularly weighs against release, in view of the low likelihood that further review would be successful for Petitioner. *See Hilton*, 481 U.S. at 778 ("Whether the State establishes that it has a strong likelihood of success on appeal, . . . continued custody is permissible even if the second and fourth factors in the traditional stay analysis militate against release."). The remaining factors weigh against continued release on appeal. This Court therefore should grant Respondent's motion to revoke Petitioner's release.

## CONCLUSION

For the reasons stated, this Court should grant Respondent's motion to revoke Petitioner's release.

>
> Respectfully submitted,
>
> JONATHAN SKRMETTI
> Attorney General and Reporter
>
> /s/ *Richard D. Douglas*
> Richard D. Douglas
> Senior Assistant Attorney General
> Criminal Appeals Division
> P.O. Box 20207
> Nashville, Tennessee 37202-0207
> Phone: (615) 741-4125
> Fax: (615) 532-4892
> Email: Davey.douglas@ag.tn.gov
> Tenn. B.P.R. No. 032076

**CERTIFICATE OF SERVICE**

     I certify that the foregoing Memorandum of Law was filed electronically on January 31, 2025. A true and correct copy of that filing will be forwarded on the same day via this Court's PACER/ECF system to Petitioner's counsel, Jason Gichner, Jessica M. Van Dyke, and Scott Davis Gallisdorfer, at the following email addresses: jason@tninnocenc.org, jessica@tninnocenc.org, and scott.gallisdorfer@bassberry.com.

                                                   /s/ *Richard D. Douglas*_____
                                                   Richard D. Douglas
                                                   Senior Assistant Attorney General