IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| THOMAS E. CLARDY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:19-cv-01098 |
| | ) Judge Aleta A. Trauger |
| ZAC POUNDS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

On June 30, 2023, this court granted petitioner Thomas E. Clardy a conditional writ of habeas corpus and directed his release from custody unless the State afforded him a new trial within 180 days. (Doc. Nos. 34, 35.) The State appealed and moved to stay the judgment (Doc. Nos. 37, 39), and Clardy moved for release pending appeal (Doc. No. 41). The court granted both the State's motion to stay the judgment and Clardy's motion for release pending appeal. (Doc. Nos. 40, 49.) The court subsequently ordered Clardy's release from custody, subject to supervision and certain conditions. (Doc. No. 54.)

On January 27, 2025, the Sixth Circuit reversed this court's grant of habeas relief and remanded the case. (Doc. No. 62.) The Mandate issued on February 18, 2025. (Doc. No. 68.) On January 31, 2025, before the Mandate issued, the State filed the presently pending Motion to Revoke Order Releasing Petitioner Pending Appeal and a supporting Memorandum of Law. (Doc. Nos. 63, 64.) The State argues that (1) Federal Rule of Civil Procedure 23(c) grants this court jurisdiction to revoke Clardy's release pending appeal; and (2) based on the factors outlined in

*Hilton v. Braunskill*, 481 U.S. 770 (1987), the court should revoke Clardy's release "on appeal." (Doc. No. 64 at 2 (citing *Jago v. United States Dist. Ct.*, 570 F.2d 618 (6th Cir. 1978)).)

The petitioner opposes the motion (Doc. No. 66), arguing that (1) absent issuance of the Mandate, this court lacks jurisdiction to consider the State's motion; and (2) once the Mandate issues, this court will still lack authority under Rule 23(d) to consider the motion, at least until the time for seeking a writ of certiorari from the United States Supreme Court expires. The petitioner argues that *Jago* is not binding or applicable here. He also argues that, assuming the court does have jurisdiction, the *Hilton* factors still weigh in favor of release pending appeal or the expiration of the time within which to seek an appeal.

After Clardy filed his Response, the Sixth Circuit's Mandate issued on February 18, 2025, thus mooting the petitioner's argument that the court lacked authority to revoke his release prior to issuance of the Mandate. In its Reply, the State further argues that the petitioner's attempt to distinguish this case from *Jago* is unavailing and that the petitioner's position now is inconsistent with the fact that, during the pendency of his appeal to the Sixth Circuit, he twice sought and was granted modifications of the conditions of his release. (Doc. No. 69 at 3.) The State also contends that the Sixth Circuit "seems to have rejected Petitioner's broad interpretation that the case remains 'pending review' until final resolution from the Supreme Court or the expiration of the period for petitioning for writ of certiorari." (Doc. No. 69 at 2–3 (citing *Nash v. Eberlin*, 437 F.3d 519, 526 (6th Cir. 2006)).)

I.  **GOVERNING RULES**

Under Federal Rule of Appellate Procedure 23(c),

> [w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

This Rule governs the initial decision whether to grant release pending appeal of a decision granting a habeas petition. Rule 23(c) gives rise to a "presumption" that a petitioner whose habeas petition has been conditionally granted should be released pending appeal, but that presumption "may be overcome" upon a sufficient showing by the State. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). In this case, the court determined that the State failed to overcome the presumption in favor of release and therefore granted Clardy's Motion for Release Pending Appeal. (Doc. Nos. 49, 50.)

Rule 23(d) states:

An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

Fed. R. App. P. 23(d).

Similarly, a Supreme Court Rule provides that

[a]n initial order respecting the custody or enlargement of the prisoner, and any recognizance or surety taken, shall continue in effect pending review in the court of appeals and in this Court unless for reasons shown to the court of appeals, this Court, or a judge or Justice of either court, the order is modified or an independent order respecting custody, enlargement, or surety is entered.

S. Ct. R. 36(4).

The parties dispute the interpretation of Rules 23(d) and 36(4) and their application to this case.

## II. THE APPEAL IS "PENDING"

Citing *Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006), the State suggests in its Reply that Rule 23(d) should not apply at all, because Clardy's case is no longer procedurally "pending appeal." *Nash* is neither relevant nor controlling on this point, however. There, the district court granted a habeas petition. On appeal, the Sixth Circuit determined that the basis for the grant of

the writ—insufficiency of the evidence—could not be adequately reviewed without a complete record of the underlying proceedings, which the respondent had never provided and the district court had not requested. Consequently, the appellate court *vacated* the order granting the habeas petition and remanded for reconsideration in light of the record as a whole. In other words, it neither affirmed nor reversed the district court's decision; it set the proceedings back to start. It then denied the petitioner's renewed motion for release on the basis that there was no appeal pending. Procedurally, that case is completely different from this one.

In other contexts, as the petitioner notes, the Supreme Court has indicated that an appeal is "pending" during this interim period—after issuance of a ruling on appeal but before the deadline for seeking further appeal has expired. In *Carey v. Saffold*, 536 U.S. 214 (2002), the Supreme Court rejected the State of California's argument that "an application for state collateral review is not 'pending' in the state courts during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court." *Id.* at 219. The Court rejected California's interpretation of the word "pending" as "inconsistent with the word's ordinary meaning." *Id.* That is:

> The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided." It similarly defines the term (when used as a preposition) as "through the period of continuance . . . of," "until the . . . completion of." That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance"—i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

*Id.* at 219–20 (quoting Webster's Third New International Dictionary 1669 (1993)).

Applied in the context of this case, *Carey* indicates that Clardy's appeal is still "pending," at least until the expiration of his deadline for seeking certiorari. "After all," as he argues, "some gap between a court of appeals' decision and a certiorari petition is inevitable." (Doc. No. 66 at 9.)

To conclude otherwise would put litigants in an untenable and unworkable legal limbo and would contradict Rule 23(d)'s clear intention that, unless modified or superseded, an order granting release pending appeal "continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court." Fed. R. App. P. 23(d).

In short, the court rejects the State's contention that this case is not "pending appeal."

## III. THE COURT HAS AUTHORITY TO REVOKE RELEASE PENDING APPEAL

Clardy insists that, under the unambiguous language of Rule 23(d), this court lacks authority to modify its prior order granting release pending appeal. The State argues that the Sixth Circuit does not read Rule 23(d) so literally.

Indeed, in *Jago v. U.S. District Court*, the district court had granted a habeas petition and then denied both the respondent's motion to stay execution and the petitioner's application for bail. 570 F.2d at 619. After the Sixth Circuit granted the respondent's motion to stay execution filed in that court, the district court granted the petitioner's renewed application for bail and ordered him released pending appeal, with conditions. *Id.* The respondent filed a petition for a writ of mandamus in the Sixth Circuit, arguing that the district court was without authority to act—that is, that it lacked authority to modify its initial order denying release pending appeal, based on the plain language of Rule 23(d).

The Sixth Circuit recognized that the respondent's argument appeared "at first blush . . . to have much merit, especially in light of the express language of Rule 23(d)." *Id.* The court nonetheless rejected the respondent's interpretation of Rule 23(d) to mean that only appellate courts may modify an initial order respecting custody, adopting the district court's reasoning to the contrary:

> [C]learly, this is a misreading of the provision. Though the rule indicates the truism that on review in the court of appeals or the Supreme Court an order can only be modified by a judge or justice of that court, it neither states nor implies that the

> district court is divested of jurisdiction to modify or reconsider its orders concerning custody. In fact this rule states a limitation on the discretion of appellate courts to modify initial orders and, thereby, reemphasizes the responsibility of the district court to determine the propriety of release pending appeal. According to this rule, absent "special reasons," the appellate courts are, in fact, to be governed by the rulings made by the lower courts regarding custody. Hence, [the district] court not only has jurisdiction to consider the petitioner's motion by virtue of Rule 23(c), but also has a special obligation to modify, if the circumstances require, an order which the court of appeals might otherwise consider binding by virtue of Rule 23(d).

*Id.* at 620.

The court also acknowledged the general validity of the proposition that the filing of a notice of appeal divests the lower court of jurisdiction to act but observed that this rule is not "absolute in character." *Id.* at 622. Instead, "a district court continues to have jurisdiction to act in aid of the appeal as authorized under the federal rules." *Id.*

Based on both of these conclusions, the Sixth Circuit ultimately concluded that Rule 23(d) "preserves in the district judge authority to issue one or more orders regarding the custody or enlargement of a prisoner pending the review of the decision in the habeas corpus action" and that the district court "does not lose [its] jurisdiction when an appeal is noted from the decision." *Id.* at 623. However, the ability of the court of appeals to modify such order or make an independent custody order was limited to situations in which "special reasons" exist for doing so. *Id.*

While some district courts within other circuits have declined to follow *Jago* or have construed it narrowly, *Jago* appears to be on point and binding in the Sixth Circuit. The court finds that it has authority to modify or reconsider its own order granting release pending appeal.

IV. **THE MERITS OF THE RESPONDENT'S MOTION**

The court retains the authority to modify the order granting release pending appeal, but it continues to find that the *Hilton* factors do not tip in favor of revoking release at this juncture. The court already determined, the first time around, that the first *Hilton* factor—likelihood of success

on appeal—weighs in favor of detention. That remains true and likely weighs even more strongly in favor of the State. The other factors, however, do not, and the State has not pointed to any concrete basis for reconsideration of the court's prior order granting release pending appeal. The petitioner, on the other hand, points out that—in addition to the factors that weighed in favor of release initially—Clardy's ties to the community have strengthened during his months of release, and he has complied with all conditions of release. The State has not shown that Clardy's continued release would cause irreparable injury to the State or that his detention would serve the public interest. It has failed to show that Clardy poses a risk of flight or danger to the public.

The State's Motion to Revoke Order Releasing Petitioner Pending Appeal will be denied for the same reasons that the petitioner's original motion for release pending appeal was granted and for the additional reasons advanced by the petitioner. (*See* Doc. Nos. 49, 66.)

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the respondent's Motion to Revoke Order Releasing Petitioner Pending Appeal (Doc. No. 63) is **DENIED WITHOUT PREJUDICE**.

The period of appeal remains pending at least through the expiration of the petitioner's deadline for filing a petition for the writ of certiorari, or 90 days from the entry of the Sixth Circuit's judgment. The parties shall at all times keep the court apprised of the status of the petitioner's appeal.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge