# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **THOMAS E. CLARDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-01098** |
| | ) | **Judge Aleta A. Trauger** |
| **KENNETH NELSEN,** | ) | |
| | ) | |
| **Respondent.[1]** | ) | |
| | ) | |

## MEMORANDUM

Before the court are (1) the respondent's Motion to Revoke Order Releasing Petitioner Pending Appeal ("Motion to Revoke Release") (Doc. No. 74), filed with a supporting Memorandum of Law (Doc. No. 74-1); and (2) petitioner Thomas Clardy's Motion to Continue Release with Conditions Pending Resolution of Remaining Habeas Claims ("Motion to Continue Release") (Doc. No. 77), which reiterates the arguments made in the petitioner's Response in Opposition to Respondent's Motion to Revoke Release (Doc. No. 76). The respondent filed a Reply (Doc. No. 79) in further support of his motion and a Notice (Doc. No. 80), indicating his intent to rely upon the arguments made in his Motion to Revoke Release and Reply, instead of filing a separate response in opposition to the petitioner's motion.

---

[1] Kenneth Nelsen appears to be the current warden of Riverbend Maximum Security Institution, where petitioner Clardy was most recently incarcerated. *See* https://www.tn.gov/correction/stateprisons/stateprison-list/riverbend-maximum-security-institution.html (last visited July 8, 2025). Under Rule 25(d) of the Federal Rules of Civil Procedure, Warden Nelsen is automatically substituted as the respondent in this action.

For the reasons set forth herein, the respondent's motion will be granted, and the petitioner's will be denied.

## I.    PROCEDURAL HISTORY

Clardy was convicted of murder in July 2007 and sentenced to a mandatory term of life in prison. *State v. Clardy*, 2009 WL 230245, at *1 (Tenn. Crim. App. Feb. 2, 2009), *perm. app. denied* (Tenn. June 15, 2009). After exhausting state court remedies, he filed his petition in this court for the writ of habeas corpus under 28 U.S.C. § 2254 in December 2019. (Doc. No. 1.) On June 30, 2023, the court granted Clardy a conditional writ of habeas corpus and ordered the respondent to release him unless he received a new trial within 180 days. (Doc. Nos. 34, 35.) Because the court granted Clardy's petition on one claim of ineffective assistance of counsel, it did not reach or resolve his other claims, including six additional ineffective-assistance claims. (*See* Doc. No. 34 at 19.)

The respondent appealed and moved to stay the judgment, and Clardy filed a Motion for Release Pending Appeal. (Doc. Nos. 37, 39, 41.) The court stayed the judgment, granted Clardy's motion under Federal Rule of Appellate Procedure 23(c) and the factors articulated in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and ordered Clardy's release from custody subject to supervision and certain conditions. (Doc. Nos. 40, 49, 54.)

The Sixth Circuit reversed this court's grant of habeas relief on January 27, 2025 and remanded the case. *Clardy v. Pounds*, 126 F.4th 1201, 1204 (6th Cir. 2025). Even before the mandate issued on February 18, 2025 (Doc. No. 68), the respondent had moved to revoke Clardy's release pending appeal (Doc. No. 63). Once the mandate issued, this court denied without prejudice the respondent's Motion to Revoke Order Releasing Petitioner Pending Appeal. (Doc. No. 70.) The court determined that Clardy's appeal was still "pending" because the time for petitioning the Supreme Court for a writ of certiorari had not expired, that the court had the authority to revoke

Clardy's release, and that most of the factors from *Hilton v. Braunskill* did not weigh in favor of detention. (*See* Memorandum & Order, Doc. No. 70 at 4–7.)

Clardy filed a timely petition for writ of certiorari in the Supreme Court, which was denied on June 2, 2025. (Doc. Nos. 71, 73.) The respondent filed his renewed Motion to Revoke Release on June 9, 2025, arguing that (1) Rule 23 and its presumption in favor of release no longer apply, because Clardy's appeal is no longer pending; (2) even if Rule 23 still applied, the *Hilton* factors no longer weigh in favor of release; and (3) as a habeas petitioner seeking bail pending resolution of his remaining claims, Clardy cannot establish that "exceptional circumstances and the 'interests of justice' warrant relief." *Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).

In addition to responding to the respondent's motion, Clardy filed his own Motion for Continued Release. (Doc. Nos. 76, 77.) In both of these filings,[2] Clardy acknowledges that Rule 23 no longer applies, but he contends that the court has inherent discretion to order his release pending the resolution of his remaining claims and should exercise that discretion because (1) his remaining habeas claims are "substantial"; (2) "exceptional circumstances" warrant his continued release; (3) maintaining the status quo would "preserve resources and avoid disruption"; and (4) the respondent has offered no compelling reasons to return him to prison. (*See generally* Doc. Nos. 76, 77.)

The respondent argues in his Reply that the burden is not on the State to demonstrate compelling reasons to justify revocation of release and that the circumstances on which the petitioner relies do not qualify as "exceptional" or "unusual." (Doc. No. 79.)

---

[2] Clardy explains that he filed the separate motion "out of an abundance of caution," in case the court viewed his response as seeking a new form of relief. (Doc. No. 77 at 3 n.1)

## II.    DISCUSSION

Federal Rule of Appellate Procedure 23(c) permits—and "creates a presumption" in favor of—the release of a prisoner while an appeal of a decision granting habeas relief is under review. *Hilton*, 481 U.S. at 774. Because the decision ordering Clardy's release is no longer under review, Rule 23(c) no longer allows for his release from prison.

However, several of the petitioner's claims remain pending,[3] and the court has "inherent authority to grant [Clardy] bail" while it considers the merits of his claims. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). To warrant release pending the court's decision on the merits of his remaining habeas claims, Clardy must "show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson*, 900 F.2d at 79), *abrogated on other grounds by statute, as recognized in Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). Unlike the standard for granting release under Rule 23(c), this standard is difficult to satisfy. *See Lee*, 989 F.3d at 871 ("Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case.").

Clardy contends that several of his remaining claims are substantial. He also argues that exceptional circumstances exist, insofar as he has been released from custody for the past twenty-

---

[3] The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that relief be granted on one of the petitioner's claims of ineffective assistance of counsel but further recommending that his other claims be denied. (Doc. No. 25.) Both the petitioner and the respondent filed Objections to the R&R. (Doc. Nos. 28, 29.) The court accepted the recommendation that habeas relief be granted and did not review the petitioner's Objections to the R&R's other findings. (Doc. No. 34 at 19.) Those Objections, therefore, remain pending.

two months, during which he complied with all conditions of release, maintained employment, formed deep connections with his church and community, and re-established familial relationships. He emphasizes that he does not pose a risk of flight or danger to the public and further notes that he has filed petitions for exoneration and/or commutation with Tennessee Governor Bill Lee, supported by dozens of letters of support. He also contends that the fact that he is already on release and merely seeks to maintain the status quo pending resolution of his remaining claims is another circumstances that makes his situation unusual.

The court is not persuaded that the remaining claims are, indeed, substantial. This court has not yet considered the claims on the merits, but Clardy's conviction is "presumptively valid," *Lee*, 989 F.3d at 871; his ineffective assistance claims were rejected by the state courts on post-conviction review; and the Magistrate Judge who already reviewed the claims did not find them to warrant relief.

Even assuming that the remanded claims are substantial, the court cannot find that Clardy's circumstances are exceptional. As other courts considering motions to revoke the release of similarly situated petitioners have found, Clardy's compliance with the conditions of release, maintaining gainful employment, and establishment of community and family ties—while laudable—are expected under the circumstances, not unusual or exceptional. And the "loss of liberties such as employment [and] familial relations . . . are ordinary circumstances incident to incarceration." *Aceval v. MacLaren*, No. 2:12-CV-10897, 2015 WL 540615, at *2 (E.D. Mich. Feb. 10, 2015); *accord Smith v. Jones*, No. 05-CV-72971, 2010 WL 11629608, at *2 (E.D. Mich. Apr. 14, 2010) (finding that the petitioner's compliance with the conditions of his bond and the fact that he was not a danger to the community were not sufficient to justify continued detention following the Sixth Circuit's reversal of the grant of habeas relief and remand for consideration of

additional claims, even assuming that his "remaining claims constitute substantial claims of law");

*see also Antwine v. Brewer*, No. 2:15-CV-12037, 2015 WL 4757222, at *2 (E.D. Mich. Aug. 11,

2015) ("The letters from family and community members and photographs submitted in support

of Petitioner's motion depict an individual with strong family ties and some community support.

But, in this regard, Petitioner does not distinguish his situation from that of many other habeas

petitioners."); *Villa v. Straub*, No. 502-cv-128, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005)

(finding habeas petitioner's argument for bond based, inter alia, on strong family ties was "neither

unique nor compelling").

      This court previously found that Clardy was entitled to habeas relief and still believes, as

stated in the Memorandum initially granting relief pending appeal, that the evidence supporting

his conviction can only be characterized as "paltry." (Doc. No. 49 at 7.) Notwithstanding, the Sixth

Circuit has reversed the grant of relief, and the petitioner cannot at this juncture satisfy the

demanding standard for release pending resolution of his remaining claims.

## III.    CONCLUSION

      For the reasons set forth herein, the respondent's Motion to Revoke Release (Doc. No. 74)

will be granted, and the petitioner's Motion to Continue Release (Doc. No. 77) will be denied. An

appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge